Ronald W. DUNDON and Jennifer Jainer, Plaintiffs–Appellants,

v.

D.H. KOMANSKY, Fran Adams, Robert Torre, Illona Fitzgerald, Joe Prior, Nelson Cyr, Eric Passeri, Diane Lolli, Defendants–Appellees,

Merrill Lynch & Co., Inc., Defendant.

Docket No. 00–9375.

United States Court of Appeals, Second Circuit.

Aug. 3, 2001.

Ronald W. Dundon and Jennifer Jainer, Milbridge, ME, pro se.

Michael P. Shea, Day, Berry & Howard LLP, Hartford, CT; David J. Elliott, of counsel, on the brief, for appellees.

Present MINER, LEVAL and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Ronald W. Dundon and Jennifer Jainer, *pro se* and *in forma pauperis*, appeal from a judgment granting summary judgment to the defendants herein on the ground that plaintiffs' claims are barred by *res judicata*.

Plaintiffs' district court complaint alleged that the defendants-appellees, current or former employees of Merrill Lynch, committed the following wrongs in the handling of plaintiffs' Merrill Lynch accounts: (1) breach of contract; (2) unauthorized trading; (3) excessive commissions; (4) improper and inadequate margin accounting; (5) violation of "same day substitution rules"; (6) discretionary account activity; (7) discretionary placing of orders by account executives; (8) refusal to execute orders as directed by the plaintiffs; (9) violation of supervisory procedures;

(10) refusal to provide timely and daily margin account information; and (11) unauthorized liquidation of accounts. The complaint contained no factual allegations and did not give a time frame for the defendants' alleged activities.

Defendants moved for summary judgment on grounds of *res judicata* and collateral estoppel. They relied on a decision by an arbitration panel that rejected plaintiffs' claims against Merrill Lynch based on "the events from February 20, 1996 including a forced liquidation and settlement on March 8, 1996." Plaintiffs' request for arbitration annexed several letters giving more detail about their complaints. The attorney who had represented Merrill Lynch at the arbitration hearing submitted an affidavit in which he stated that he had reviewed plaintiffs' complaint and "believe[d] the allegations contained therein arise out of the same events of February and March 1996, on which Plaintiffs based their arbitration claims." Plaintiffs did not dispute this assertion, and the district court granted defendants summary judgment based on the *res judicata* effect of the arbitration ruling.

On appeal, Dundon and Jainer principally argue that (1) their claim in the arbitration proceeding concerned only Merrill Lynch and its Margin Department Employees and the defendants are not in privity with Merrill Lynch; (2) the arbitration decision did not really decide any issue adversely to them because the arbitration panel gave no rationale for its decision to deny their claim; and (3) the liquidation of their accounts was not an issue in the arbitration proceeding.

This circuit has suggested—at least under some circumstances—that *res judicata* or claim preclusion does not apply to arbitration proceedings. *See, e.g., Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049, 1055 (2d Cir.1990) ("[W]e are not obligated to give *res judicata* effect to an arbitration proceeding, especially where it is unclear whether the arbitrators here would have been able to grant [the relief plaintiffs sought in federal court.]"). Because it is clear that issue preclusion or collateral estoppel does apply to arbitration decisions, *Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir.1998), and defendants raised both collateral estoppel and *res judicata* in their motion for summary judgment, we perform our review using collateral estoppel principles.

Collateral estoppel bars relitigation of an issue if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (internal quotation marks omitted). This test does not include a requirement that the parties against whom plaintiffs litigated in the prior proceeding be the same parties they litigate against in the current proceeding.[1] *See United States v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984).

Plaintiffs' claims in the arbitration proceeding were sweeping, encompassing all events related to their accounts from February 20, 1996, through the liquidation of their stock. Although they argue here that the stock liquidation was not

---

1. Although not necessary to the result we reach herein, we note that the individual defendants here could have been named as defendants in the arbitration proceeding. *See* NYSE Arbitration Rules, Rule 600(a); NASD-R Code of Arbitration Procedure § 10101.

presented to the arbitrators, they specified this claim in their first communication to the arbitrators. Defendants' reliance on the arbitrators' failure to give a rationale for their decision is also unavailing because arbitrators need not explain their decisions. *Boguslavsky*, 159 F.3d at 718 n. 1. Finally, plaintiffs have not identified any flaw in the procedures offered to them in the arbitration proceeding, and a rejection of all plaintiffs' arguments was necessary to deny their claim. Therefore, all four factors necessary to establish collateral estoppel have been demonstrated, and the district court correctly dismissed plaintiffs' claims.